Filed 6/24/13  P. v. Chavarria CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.111.5.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SIX

|  |  |
|---|---|
| THE PEOPLE, | 2d Crim. No. B242169 |
| Plaintiff and Respondent, | (Super. Ct. No. LA070978) |
|  | (Los Angeles County) |
| v. |  |
| JOSE CHAVARRIA, |  |
| Defendant and Appellant. |  |

Jose Chavarria appeals from a victim no-contact order issued after he pled no contest to first degree residential burglary and was sentenced to state prison.  The trial court ordered appellant to stay away from the victim.[1]  We affirm and hold that the trial court had the inherent authority to issue a non-statutory protective order.  (*Townsel v. Superior Court* (1999) 20 Cal.4th 1084, 1094-1095.)

On May 14, 2012 appellant burglarized Claudia's apartment, stealing her X-box game and checkbook.  Appellant was on parole and lived in the main house with his mother.  Claudia lived in the garage which had been converted to an apartment.  She paid rent to appellant's father.

---

[1] Appellant was ordered "not to annoy, harass, strike, threaten, assault sexually or otherwise, follow, stalk, molest, destroy or damage real or personal property, disturb the peace, keep under surveillance or block movements of the protected person Claudia [C]."

Pursuant to a negotiated plea, appellant was sentenced to four years state prison. Over defense objection, the trial court ordered appellant not to contact Claudia.

*Discussion*

Appellant argues that the trial court had no jurisdiction to issue the no-contact order. Section 136.2 provides that a trial court may issue a protective order during the pendency of a criminal trial, but not after conviction. (*People v. Ponce* (2009) 173 Cal.App.4th 378, 382-383.) Other statutes provide for protective orders in domestic violence cases (§ 1203.097), in stalking cases (§ 646.9, subd. (k)), and in enumerated sex offenses where the victim is a minor (§ 1202.05). None of those statutes apply nor did the trial court rely on them.

In *Townsel v. Superior Court* (1999) 20 Cal.4th 1084 our Supreme Court concluded that trial courts have the inherent power to issue nonstatutory protective orders to protect trial participants. There, the defendant was convicted of murdering a witness to a crime and attempting to prevent or dissuade a witness. He was sentenced to death. Seven years after the conviction, defendant filed a habeas petition to investigate possible juror misconduct. The trial court ordered appellate counsel not to contact the jurors without first obtaining the approval of the trial court. Based on defendant's history of interfering with the judicial process by killing or threatening witnesses, the *Townsel* court concluded that the trial court had the inherent authority to issue a protective order to safeguard juror safety and privacy. (*Id.*, at pp. 1094-1095.)

*People v. Ponce*

Appellant's reliance on *People v. Ponce*, *supra,* 173 Cal.App.4th 378 (*Ponce*) is misplaced. There, a protective order was issued after defendant pled no contest to second degree robbery with a street gang enhancement and was sentenced to state prison. We struck the order on the ground there was no evidence that Ponce threatened witnesses or the victim during the proceedings. (*Id.*, at p. 384.) "[E]ven where a court has inherent authority over an area where the Legislature has not acted, this does not authorize its issuing orders against defendants by fiat or without any valid showing to justify the need for the order. [Citation.]" (*Id.*, at p. 384.)

2

Unlike *Ponce,* appellant contacted the victim through his mother (Rene Chavarria) who lived on the property with the victim. It was uncontroverted that Mrs. Chavarria had been calling and bothering the victim. Mrs. Chavarria admitted doing so and said "I'm not going to talk to her anymore. . . . This happened, and its done." A note in the file stated that the victim was concerned that appellant would phone her from prison. The trial court found that the victim "is scared of [appellant] and doesn't want him around her."

In *Ponce* there was no showing that the victim was contacted or harassed by defendant or "by anyone acting on his behalf, during his incarceration." (*Id.*, at p. 385.) We concluded that " ' "[i]nherent powers should never be exercised in such as a manner as to nullify existing legislation. . ." ' [Citation.] Where the Legislature authorizes a specific variety of available procedures, the courts should use them and should normally refrain from exercising their inherent powers to invent alternatives. [Citation.]" (*People v. Pomce. Supra.* 173 Cal. at p. 384.)

Unlike *Ponce*, the trial court did not base its order on section 136.2 or use its inherent powers to nullify existing legislation. Nor does section 136.2 or the other statutes cited by appellant state that trial courts may only issue protective orders to a limited class of victims. (See *e.g.*, *People v. Clayburg* (2012) 211 Cal.App.4th 86, 89 [stay away order to protect daughter of stalking victim did not violate section 646.9, subd. (k)(1)].) Although the victim could have filed a civil action to obtain a restraining order pursuant to Code of Civil Procedure section 527.6, it would be an unnecessary duplication of judicial resources. It would elevate form over substance to hold that only certain superior court departments may issue post-conviction protective orders.

*Conclusion*

The Victim's Bill of Rights (Cal. Const. I, § 28), provides: "The rights of victims pervade the criminal justice system" (§ 28, subd. (a)(3)) and that victims have the right "[t]o be reasonably protected from the defendant and persons acting on behalf of the defendant." (§ 28, subd. (b)(2).) It takes no leap of logic to conclude that a trial court has the inherent power, on a good cause showing, to order a defendant sentenced to state

3

prison not to contact a victim or a victim's immediate family. (*Townsel, supra,* 20 Cal.4th at pp. 1094-1095; *People v. Clayburg*, *supra,* 211 Cal.App.4th at pp. 91-92.)

The judgment is affirmed.

NOT TO BE PUBLISHED.

YEGAN, J.

We concur:

GILBERT, P.J.

PERREN, J.

4

Karen J. Nudell, Judge

Superior Court County of Los Angeles

_____


California Appellate Project, under appointment by the Court of Appeal, Jonathan B. Steiner, Executive Director and Suzan E. Heir, Staff Attorney, for Defendant and Appellant.


Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Scott A. Taryle, Supervising Deputy Attorney General, Kimberly J. Baker-Guilemet, Deputy Attorney General, for Plaintiff and Respondent.